IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Robinson, ) | Case No.: 4:24-cv-05448-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| City of Conway; Dale Long; Jacob Banas; ) | |
| Kayla Dew Fleming; John Long; City of ) | |
| Conway Police Department; Allen Huggins; ) | |
| Micheal Dodd; and Glen Guyett, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 33), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of *pro se* Plaintiff Jamie Robinson's, ("Plaintiff" or "Robinson") pleadings.[1]

**A. Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Robinson alleges Defendants conspired in the prosecution of Plaintiff leading to her arrest, imprisonment, and trial. (DE 29 at 12.) Plaintiff contends Defendants racially profiled her without legal justification by not acting in the correct manner and criminally profiled Plaintiff due to the color of her skin and where she lived. (*Id.*) Plaintiff contends the termination of the legal process in her favor undermines the validity of the warrant. (*Id.* at 13.) Plaintiff alleges Defendants used their power and authority to cause Plaintiff harm, violated her constitutional rights, and deprived her of rights and privileges secured by federal and state law. (*Id.* at 35.) Plaintiff claims that due to the number of Defendants and these Defendants' actions there are "criminal violations of conspiracy and/or corruption." (*Id.*)

Plaintiff contends all Defendants had or should have had access to the police report and should have been able to identify that there was no crime or probable cause. (*Id.*) Plaintiff alleges the Defendants' willingness to prosecute an innocent person without legal justification represents an act of corruption and conspiracy. (*Id.* at 36.) Plaintiff claims Defendants acted in an unacceptable manner in regards to Plaintiff's rights to live free from unlawful arrest, incarceration, and unjustified trial. (*Id.*)

### B. Report and Recommendation

On February 21, 2025, the Magistrate Judge issued the Report recommending Plaintiff's federal claims be summarily dismissed and that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (DE 33.) The Report found that Plaintiff's federal claims should be dismissed as follows:

- Plaintiff invokes 18 U.S.C. §§ 241 and 242 in support of her civil claims, see DE 29 at 11; however, §§ 241 and 242 are federal criminal statutes and Plaintiff cannot bring a civil action to enforce criminal statutes. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.") (citation omitted.)

- Plaintiff seeks to pursue claims under the Federal Tort Claims Act ("FTCA"); however, none of the Defendants named are employees of the United States, so Plaintiff's claims under the FTCA should be summarily dismissed.

- Plaintiff invokes the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), which originally appeared as 42 U.S.C. § 14141 and has been recodified as 34 U.S.C. § 12601 et seq. DE 29 at 11. The VCCLEA prohibits government employees responsible "for the administration of juvenile justice or the incarceration of juveniles" from depriving persons of rights, privileges, or immunities secured or protected under the constitution. 34 U.S.C. § 12601. Actions authorized by this statute are brought by the United States Attorney General; individuals cannot sue for a violation of this statute. *See Ferrer v. Garasimowicz*, No. 1:13-cv-797-LMB, 2013 WL 5428110, at *4 (E.D. Va. Sept. 27, 2013) ("Only the Attorney General of the United States, rather than a private citizen like plaintiff, is authorized to bring suit [for a violation of 42 U.S.C. § 14141].").

- Plaintiff also asserts a conspiracy to interfere with her civil rights in violation of 42 U.S.C. § 1985. DE 29 at 11. Plaintiff provides no concrete supporting facts that suggests a race-based animus by Defendants concerning her criminal charges and prosecution, nor has Plaintiff alleged sufficient facts to suggests Defendants came to a mutual understanding or acted jointly in concert to deprive Plaintiff of any constitutional right.

- Plaintiff asserts claims for equal protection, malicious prosecution, false imprisonment, false arrest, violations of due process, illegal search and seizure, police misconduct, prosecutorial misconduct, and negligence pursuant to 42 U.S.C. § 1983, against the City of Conway, City of Conway Police Department, Chief of Conway Police Department Dale Long, City of Conway Officers Corporal Glen Guyett, and Supervising Officer Sergeant Allen Huggins, Officer Jacob Banas, Municipal Court Judge Kayla Drew Fleming, Prosecutor John Long, and Arresting Officer Michael Dodd. However, Plaintiff's conclusory allegations about the alleged wrongful acts of these defendants are employees are

3

> insufficient to state a claim against them, and the claims are, therefore, subject to summary dismissal.

(DE 33.) Plaintiff objected to the Report on March 10, 2025. (DE 37.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Upon *de novo* review of the record, the Court concludes that Plaintiff's objections (DE 37) do not identify any legal or factual error in the Magistrate Judge's thorough and well-reasoned Report. (DE 33.) Plaintiff raises general objections to the Report, but the Court discerns the overriding objection to be a request for this Court to transfer her claims to the "appropriate court." (DE 37.) Because Plaintiff has not raised any specific or cognizable objections to the Report, the Court overrules the

objections without further analysis. To the extent Plaintiff's filing can be construed as asserting generalized or conclusory objections, the Court is not required to provide a detailed explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court need only ensure that there is no clear error on the face of the record in order to accept the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff has also filed a motion requesting appointment of counsel. (DE 35.) While litigants in civil actions have no constitutional right to appointed counsel, district courts have discretion to request an attorney to represent an indigent litigant in appropriate circumstances. *See* 28 U.S.C. § 1915(e)(1). However, such discretion should be exercised only in cases presenting "exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024).

In determining whether exceptional circumstances exist, courts conduct a fact-specific, two-part inquiry: (1) whether the plaintiff has a colorable claim, and (2) whether the plaintiff, in light of the complexity of the legal issues and her own ability to present the case, lacks the capacity to do so. *Id.*

Here, the Court has overruled Plaintiff's objections and accepted the Magistrate Judge's recommendation to dismiss the Amended Complaint. (*See* DE 33, 37.) As discussed in the Court's ruling, Plaintiff's filing does not raise any specific or cognizable legal objection to the Report and contains no substantive basis to conclude that any colorable claim has been asserted. Moreover, Plaintiff's submissions—including her Amended Complaint, objections, and motion—demonstrate that she is

capable of articulating her position and navigating the litigation process, notwithstanding her pro se status.

Because Plaintiff has not shown either a colorable claim or a lack of capacity to present her case, the Court concludes that exceptional circumstances do not exist. Accordingly, Plaintiff's motion to appoint counsel (DE 35) is denied.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. The Court adopts the Report (DE 33) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Amended Complaint is DISMISSED without prejudice and without issuance and service of process. Plaintiff's motion to appoint counsel (DE 35) is DENIED. All remaining motions are DENIED AS MOOT.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 30, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.